UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATAGORDA ISLAND GAS** | **CIVIL ACTION NO. 15-CV-2702** |
| **VERSUS** | **JUDGE DOHERTY** |
| **JOHN W. LUSTER, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is Exxon Mobil Corporation's ("Exxon") Motion to Dismiss Appeal of Abandonment Order filed on March 17, 2016. [rec. doc. 22]. Appellant, Matagorda Island Operations LLC ("Matagorda"), filed opposition on March 22, 2016. [rec. doc. 27]. The United States Department of Interior (the "Department") joined Exxon Mobil's Motion to Dismiss on March 25, 2016. [rec. doc. 29]. Exxon filed a reply on April 4, 2016. [rec. doc. 39].

For the following reasons, I recommend that the Motion to Dismiss [rec. doc. 22] be **GRANTED**.

## I. BACKGROUND

On September 3, 2014, Matagorda filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). *In re: Matagorda Island Gas Operations, LLC*, Case No. 14-51099, United States Bankruptcy Court for the Western District of Louisiana, Lafayette Division (the "Bankruptcy Court"). On May 19, 2016, the Bankruptcy Court converted the case to a Chapter 7 proceeding, and appointed John W. Luster as Chapter 7 Trustee (the "Trustee"). [rec. doc. 1, Exhibit 3, Bankruptcy Court Docket Sheet, Docket No. 108].

On August 20, 2015, the Trustee filed a notice of intent to abandon Matagorda's property related to its oil and gas operations. [Docket No. 140]. Exxon, as a predecessor-in-interest, filed an objection to the notice of intent to abandon on September 8, 2015. [Docket No. 145]. On September 30, 2015, the Department filed its objection to the abandonment notice. [Docket No. 165]. Matagorda

objected to the abandonment notice and opposed entry of the abandonment order on October 4, 2015. [Docket No. 168].

On October 6, 2015, the Bankruptcy Court conducted a hearing to consider the Trustee's proposed abandonment pursuant to the abandonment notice. [Docket No. 173]. Matagorda failed to appear at the hearing. The Bankruptcy Court approved the abandonment.

On October 8, 2015, Matagorda's counsel, Christopher T. Caplinger, filed a Motion to Withdraw Attorney. [Docket No. 174]. By Order dated October 13, 2015, the Bankruptcy Court granted the motion to withdraw. [Docket No. 178].

On October 13, 2015, the Bankruptcy Court entered the Order on Trustee's Notice of Abandonment. [rec. doc.1, Exhibit 1; Exhibit 3, Docket No. 177]. The Bankruptcy Noticing Center sent notice of the Abandonment Order by mail to Matagorda that same day. [Docket Nos. 177, 179].

On November 16, 2015, Matagorda, through its president, James Hurley, filed a Notice of Appeal and Statement of Election regarding the Order on Trustee's Notice of Abandonment entered on October 13, 2015. [rec. doc. 1, Exhibit 2; Exhibit 3, Docket No. 186].

On March 17, 2016, Exxon filed a Motion to Dismiss on the basis that this Court lacks jurisdiction over the appeal of the Order because: (1) Matagorda's Notice of Appeal is untimely, and (2) Matagorda lacks standing to appeal the Abandonment Order.

## II. ANALYSIS

Exxon and the Department assert that this Court lacks jurisdiction over Matagorda's appeal because it was untimely filed.

An notice of appeal from a bankruptcy court's final order must filed within the time provided by Rule 8002 of the Bankruptcy Rules. 28 U.S.C.A. § 158(c)(2) ("[a]n appeal shall be taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules"). Under Fed. R. Bankr. P. 8002, a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or

decree being appealed. An appeal from a judgment, order, or decree of a bankruptcy court to a district court under 28 U.S.C. § 158(a)(1) or (a)(2) may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002. Fed. R. Bankr. P. 8003.

The Fifth Circuit has held that the time limit under Rule 8002 is jurisdictional. *In re Berman-Smith*, 737 F.3d 997, 1003 (5th Cir. 2013) ("[s]ince the statute defining jurisdiction over bankruptcy appeals, 28 U.S.C. § 158, expressly requires that the notice of appeal be filed under the time limit provided in Rule 8002, we conclude that the time limit is jurisdictional"); *Matter of Lacey*, 114 F.3d 556, 557 (5th Cir. 1997) ("[a] timely notice of appeal is mandatory and jurisdictional, and [the court] ha[s] no power to enlarge the time for filing a notice of appeal under any circumstances."). The failure to file a timely notice of appeal in the district court leaves the district court without jurisdiction to hear the appeal. *In re Berman-Smith*, 737 F.3d at 1003.

The record reflects that the Bankruptcy Court entered the Abandonment Order on October 13, 2015. [Bankruptcy Court Docket No. 177]. Matagorda filed its Notice of Appeal on November 16, 2015, which is 34 days after entry of the Order. [Bankruptcy Court Docket No. 186]. Thus, under Rule 8002, the notice was untimely filed.

In response, Matagorda argues that its appeal was timely filed pursuant to Fed. R. Bankr. P. 8002 (d)(2), which provides as follows:

> **(d) Extending the time to appeal**
>
>> **(1) When the time may be extended**
>
>> Except as provided in subdivision (d)(2), the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed:
>
>>> **(A)** within the time prescribed by this rule; or
>
>>> **(B)** within 21 days after that time, if the party shows *excusable neglect*.

(emphasis added).

3

Matagorda asserts that it is entitled to the 21-day extension due to "excusable neglect" because of its statements in the Notice of Appeal that:

> Appellant's previous counsel of record summarily withdrew by motion filed one (1) day following the Court's hearing on the Notice of Abandonment, although Appellant's counsel failure to appear at said hearing.  Counsel's motion to withdraw was granted by Order of this Court entered on the same day as the entry of the subject Order on Trustee's Notice of Abandonment [Bankruptcy Court Docket Entry 178].

[Bankruptcy Court Docket Entry 186, ¶ II (1)].

A bankruptcy court may permit a late filing "where the failure to act was the result of excusable neglect." *In re Pollak*, 223 F. App'x. 309, 310 (5th Cir. 2007) (*citing* Fed. R. Bankr. P. 9006(b)(1)). A court determining whether a party's conduct resulted from excusable neglect must take into account all relevant circumstances surrounding the failure, including the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the debtor acted in good faith.  *Christopher v. Diamond Benefits Life Ins. Co. (In re Christopher)*, 35 F.3d 232, 236 (5th Cir.1994) (*citing Pioneer Inv. Services Co. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).  Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable neglect." *Pioneer*, 507 U.S. at 392, 113 S.Ct. at 1496, 123 L.Ed.2d 74.

Here, Matagorda argues that it showed excusable neglect due to his counsel's withdrawal on day after the abandonment hearing.  However, the record reflects that Matagorda's attorney filed the motion to withdraw *five days* before the entry of the Abandonment Order.  (emphasis added).  [Docket Nos. 174, 177, 178].  This does not constitute excusable neglect.  *See McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *In re Gardner*, 2007 WL 1577862, at *2 (Bankr. N.D. Tex. May 31, 2007) (*pro se* litigants' mistake in construing the time to file notice of bankruptcy appeal did not constitute

4

excusable neglect); *In re Guaranteed Better Sales Marketing., Inc.*, 870 F.2d 654, 654 (4th Cir. 1989) ("Misinterpretation or ignorance of the applicable time limits even by *pro se* litigants does not constitute excusable neglect")..

Most significantly, Matagorda filed *no* motion with the bankruptcy court requesting an extension of the time for filing a notice of appeal.  (emphasis added).  Instead, it simply filed a notice of appeal 34 days after the entry of the bankruptcy court's order. By its terms, Rule 8002(c)(2) requires that a motion for extension of time be filed.  ("the bankruptcy court may extend the time to file a notice of appeal *upon a party's motion*") (emphasis added).  *See also H & M Oil & Gas L.L.C. v. Brazos 440 Partners, L.P.*, 386 B.R. 631, 635 (W.D. Tex. 2008) (a party must either file a timely Notice of Appeal or file a Motion for Extension of Time to file).  Because Matagorda did not file an extension with the Bankruptcy Court, its appeal was untimely.

Matagorda further argues that this Court should treat its Notice of Appeal as a motion for extension.  However, the fact remains that no motion for an extension was ever filed.  *See*, *In re Scallen*, 2003 WL 21357180, at *1 (M.D. Fla. Jan. 17, 2003) "[t]he Court cannot properly treat Appellants' late notice of appeal and motion for leave to appeal as motions for extension of time to file an appeal. . . . Plainly, Fed. R. Bankr.P. 8002(c)(2) requires a separate motion for extension of time"); *In re Williams*, 216 F.3d 1295, 1297-98 (11th Cir. 2000) (the court cannot construe a late notice of appeal as a motion for extension of time due to excusable neglect).  Because Matagorda did not file a motion for extension, and untimely filed the Notice, this Court lacks jurisdiction over the appeal.

Accordingly, the undersigned recommends that the Motion to Dismiss be **GRANTED**.[1]

---

[1] Because the undersigned finds that Matagorda's appeal was untimely filed, it is not necessary to address the standing argument.

### III. CONCLUSION

Based on the foregoing reasons, I recommend that Exxon Mobil Corporation's Motion to Dismiss Appeal of Abandonment Order [rec. doc. 22] be **GRANTED**, and that plaintiff's claims be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed this 13th day of April, 2016, at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE